IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARTIN BOSCO                                                                                      PLAINTIFF

vs.                                      NO. 2:23-cv-02024-PKH

CITY OF FORT SMITH;
CARL GEFFKEN, City Administrator;
LANCE MCAVOY, Director of Utilities;
RICK LOLLEY; Director of Human Resources;
All in their official and individual capacities                                          DEFENDANTS

## COMPLAINT

Comes now Plaintiff Martin Bosco, by and through his counsel, Brian A. Vandiver, a partner in the law firm of Cox, Sterling, Vandiver & Botteicher, PLLC, and for his Complaint, states:

### INTRODUCTION AND JURISDICTION

1.  Plaintiff worked for the City of Fort Smith for over twenty (20) years until he was terminated on August 16, 2022. This is a Complaint alleging retaliation and wrongful termination because of Plaintiff's protected speech, in violation of the First Amendment, the Arkansas Whistle-Blower Act, and Arkansas public policy.

2.  Plaintiff is a resident of Poteau, Oklahoma.

3.  Fort Smith is a city existing under the laws of the State of Arkansas in Sebastian County, Arkansas.

4.  Upon information and belief, Carl Geffken resides in Sebastian County, Arkansas.

5.  Upon information and belief, Lance McAvoy resides in Sebastian County, Arkansas.

6. Upon information and belief, Rick Lolley resides in Sebastian County, Arkansas.

7. The amount in controversy exceeds $75,000.

8. This Court has proper subject matter jurisdiction under both 28 USC § 1331 (federal question) and 28 USC § 1332 (diversity).

9. Venue is proper in this Court.

**FACTS**

10. Plaintiff Martin Bosco worked for the City of Fort Smith for over twenty (20) years.

11. He was terminated from his employment on August 16, 2022.

12. Plaintiff was the Cyber Security Administrator for the City of Fort Smith.

13. On August 12, 2022, Defendants informed Plaintiff that he was being demoted to Water Projects Specialist.

14. The Water Projects Specialist position was never in the City of Fort Smith's budget and was never posted for other applicants to apply.

15. Prior to that, beginning in January 2022, Plaintiff had reported to Defendant Geffken and others in city management numerous concerns and problems relating to the city's cyber security.

16. Plaintiff was also instructed by the City of Fort Smith's Internal Affairs Department to assist with several different investigations and audits.

17. On or about the end of July 2022, Defendant Geffken instructed Plaintiff to not assist Internal Affairs or answer their questions.

18. Nonetheless, Plaintiff did continue to assist Internal Affairs with investigations and audits as he was instructed to do by Internal Affairs.

19. Thereafter, Defendants sought to punish and retaliate against Plaintiff for his lawful actions and protected whistleblower activity by removing him from his position as Cyber Security Administrator and then terminating him.

20. The August 12, 2022 meeting was originally to occur a week earlier, but Plaintiff was out of the office for a week with COVID.

21. Until his termination, Plaintiff's performance record for the City of Fort Smith was unblemished and beyond reproach.

22. Defendant's actions caused Plaintiff actual and consequential damages, which Plaintiff is entitled to recover.

### COUNT I – 42 U.S.C. § 1983 (First Amendment)

23. Plaintiff had a protected First Amendment right to report concerns and problems to Defendant Geffken and others in city management.

24. Plaintiff had a protected First Amendment right to assist the City of Fort Smith's Internal Affairs Department with investigations and audits as he was instructed to do by Internal Affairs.

25. Defendants wrongfully retaliated against Plaintiff by removing him from his job as Cyber Systems Administrator and then terminating him because Plaintiff exercised his protected First Amendment rights.

26. Defendant's actions caused Plaintiff actual and consequential damages, which Plaintiff is entitled to recover.

### COUNT II – Ark. Code Ann. § 21-1-601 et seq. (Arkansas Whistle-Blower Act)

27. Plaintiff was a whistle-blower as that term is defined by the Arkansas Whistle-Blower Act.

28. Plaintiff communicated to Defendant Carl Geffken and other city management regarding concerns and problems with the City of Fort Smith's cyber security.

29. Plaintiff communicated with the City of Fort Smith's Internal Affairs Department and assisted with investigations and audits.

30. Defendants took "adverse action" against Plaintiff on August 12, 2022 and again on August 16, 2022, as that term is defined by the Arkansas Whistle-Blower Act, because of Plaintiff's protected communications.

31. Defendant's actions caused Plaintiff actual and consequential damages, which Plaintiff is entitled to recover.

### COUNT III – Wrongful Discharge In Violation of Public Policy

32. Arkansas has a public policy that encourages public employees to report concerns and problems and assist with investigations and audits, as codified by the Arkansas Whistle-Blower Act.

33. Arkansas common law also provides for a cause of action for wrongful discharge in violation of public policy.

34. Defendants did not have just cause to demote or terminate Plaintiff and their alleged reasons are mere pretext for their true reason, retaliation for Plaintiff's protected speech.

35. Defendant's actions caused Plaintiff actual and consequential damages, which Plaintiff is entitled to recover.

WHEREFORE, Plaintiff prays for a jury trial on all issues of fact, a judgment in his favor, an award of actual and consequential damages, his costs and attorney's fees, and all other appropriate legal and equitable relief to which he is entitled.

Respectfully Submitted,

Brian A. Vandiver
Cox, Sterling, Vandiver & Botteicher, PLLC
8201 Cantrell Road, Suite 230
Little Rock, AR 72227
(501) 954-8073 phone
(501) 954-7856 fax
bavandiver@csmfirm.com

By:   Brian A. Vandiver, Ark. Bar No. 2001078
      *Attorneys for Plaintiff*